IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| DEBORAH GATLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:10-cv-3099 |
| vs. | ) | |
| | ) | |
| STELLAR RECOVERY, INC., | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, DEBORAH GATLING, by and through her attorney, MITCHEL E. LUXENBURG, and for her Complaint against the Defendant, STELLAR RECOVERY, INC.,  Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Baltimore, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Florida, which is licensed to do business in Maryland and which has its principal place of business in Kalispell, Montana.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about December 15, 2010, Defendant's representatives and/or employees, including but not limited to individuals who represented themselves as Carey Hancock and Jessica (last name unknown), began contacting Plaintiff by telephone in attempts to collect the aforementioned alleged debt.

8. On or about May 17, 2010, a representative and/or employee of Defendant contacted Plaintiff by telephone and stated to Plaintiff that if payment of the alleged debt was not made in full by the following day, Plaintiff would have to go to court and her wages would be garnished by five hundred dollars ($500.00).

9. To the best of Plaintiff's knowledge, no lawsuit has been filed against her and no judgment has ever been rendered against her regarding the alleged debt.

10. On information and belief, Defendant is not a law firm, nor does Defendant employ any attorneys who are licensed to practice law in the State of Maryland.

11. Further, Defendant is not the creditor to whom the alleged debt is owed. Therefore, Defendant does not have legal standing to bring a lawsuit or garnishment proceeding against Plaintiff in relation to the alleged debt.

12. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Representing or implying that nonpayment of the alleged debt would result in the garnishment of Plaintiff's wages where such action was unlawful and/or Defendant did not intend to take such action, in violation of 15 U.S.C. § 1692e(4);

    b. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    c. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

    d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, DEBORAH GATLING, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the FDCPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com